UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANH L. DU,

    Plaintiff,

v.                                                          Case No: 8:22-cv-1526-CEH-TGW

DENIS R. MCDONOUGH, Secretary,
Department of Veterans Affairs,

    Defendant.
_____/

## ORDER

This matter comes before the Court *sua sponte*. Anh L. Du sues Denis R. McDonough, Secretary of the United States Department of Veterans Affairs, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Doc. 1 ¶¶59–88. For the reasons articulated below, Du's complaint constitutes a shotgun pleading. Therefore, the Court will dismiss the complaint and grant Du leave to file an amended complaint.

## DISCUSSION

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v.*

*Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. Relevant here, "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes one of these four recognized types of shotgun pleadings. *Id.* Further, a complaint that fails to separate "into a different count each cause of action or claim for relief" constitutes another one of these four general types of shotgun pleadings. *Id.* at 1322–33.

When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading.

Here, each of Du's claims incorporates all prior paragraphs in the complaint, except the first paragraph within each count, which merely identifies the type of claim. Doc. 1 at ¶¶59–60, 65–66, 76–77, 84–85. This practice renders the last claim a combination of the entire complaint. Therefore, the complaint constitutes a shotgun pleading. Additionally, Du impermissibly brings two claims within Count I: a claim for sex discrimination under Title VII and a claim for race discrimination under Title VII. *Id.* at ¶59. Thus, the complaint also qualifies as a shotgun pleading because Du fails to separate her claims. *See Crosswright v. Escambia Cmty. Clinics, Inc.*, No. 3:20-cv-5963-MCR-HTC, 2021 WL 3163304, at *1 (N.D. Fla. July 26, 2021) (holding that the plaintiff's complaint constituted a shotgun pleading and instructing him to set out separate claims for race discrimination, gender discrimination, and color discrimination under Title VII and the Florida Civil Rights Act for a total of six claims).[1]

The Court will dismiss the complaint and grant Du leave to file an amended complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Du must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.[2]

---

[1] For the same reason, to the extent that Du intends to bring separate claims in Count III, she must separate those claims into different counts.

[2] Du also brings a claim for injunctive relief. Doc. 1 ¶¶84–88. Injunctive relief is a remedy, not an independent claim for relief. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("It goes without saying that an injunction is an equitable remedy."); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract.").

Accordingly, it is **ORDERED**:

1. Du's complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. The Court grants Du leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiencies discussed herein.

3. **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

**DONE AND ORDERED** in Tampa, Florida on July 19, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any