# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANH L. DU,

    Plaintiff,

v.                                          Case No: 8:22-cv-1526-CEH-TGW

DENIS R. McDONOUGH, Secretary
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

## **ORDER**

    This matter comes before the Court on Defendant Denis R. McDonough, Secretary of the Department of Veterans Affairs' Motion to Dismiss Plaintiff Anh L. Du's First Amended Complaint. Doc. 23. Plaintiff alleges sex and race discrimination, retaliation based on her prior EEO activity, and a retaliatory hostile work environment. Doc. 14 ¶¶ 60–90.

    The Court dismissed Plaintiff's initial complaint as a shotgun pleading. Doc. 11. Defendant asks that the Amended Complaint also be dismissed as a shotgun pleading because Plaintiff uses the same factual allegations to support each count, combines her causes of action, and alleges immaterial facts that do not clearly support her claim. Doc. 23 at 3–4. Defendant also argues that Count V should be dismissed because it brings a claim for injunctive relief, which is not a valid cause of action. *Id.* at 4–6. For the reasons that follow, Plaintiff's complaint is not a shotgun pleading.

However, Defendant is correct that injunctive relief is not an independent cause of action. Therefore, Count V is due to be dismissed.

## DISCUSSION

### I. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). One type of shotgun pleading is a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. Finally, the fourth type of shotgun pleading is one that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. *Id.* at 1323.

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).

Shotgun pleadings force courts to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun complaint is an unacceptable form of pleading.

The Amended Complaint here is not a shotgun pleading. To begin with, it does not incorporate the allegations of all preceding counts—like the original complaint did—and thus does not fall under the first category of shotgun pleading (in which every successive count incorporates the facts and allegations of all preceding counts). The counts in the Amended Complaint each cite to the same set of allegations, but not all of the preceding counts. Doc. 14 ¶¶ 61, 67, 73, 84.

Next, Defendant claims that the Amended Complaint should be dismissed because few of the factual allegations indicate which claim they relate to, and Defendant is thus forced to "sift through allegations" and speculate as to the relationship between the alleged facts and causes of action. Doc. 23 at 4. Plaintiff responds that her allegations "involve Plaintiff's sex, race, and EEO activity in combination" and that the various forms of discrimination were intertwined. Doc. 32 at 7–9. Plaintiff's complaint is not a shotgun pleading of the kind that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. The Amended Complaint's factual allegations (Doc. 14 ¶¶ 9–59) lay out Plaintiff's version of the events that led up to her EEO complaints and the alleged discrimination that followed. At this stage, the

Complaint need only allow the court to draw a reasonable inference that Defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Amended Complaint does so, and is therefore not a shotgun pleading.

Next, Defendant alleges that Plaintiff improperly combines her causes of action. Doc. 23 at 4–5. Specifically, Defendant argues that Count IV, titled "Retaliatory Harassment and Hostile Work Environment," is essentially the same as Count III of the original complaint, which the Court dismissed as a shotgun pleading. See Doc. 11. Plaintiff responds that she seeks to bring a retaliatory hostile work environment claim in Count III. Doc. 32 at 9–10. A cause of action based on a retaliatory hostile work environment has been recognized by the Eleventh Circuit. *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1206 (11th Cir. 2021). Thus, Plaintiff does not commit the error of failing to separate her causes of action into different claims. The law requires that claims be separated and organized "discretely and succinctly so that [an] adversary can discern what [a Plaintiff] is claiming and frame a responsive pleading." *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). Here, Count IV gives Defendant adequate notice of the claim against it and the basis for this claim. Thus, the Amended Complaint is not a shotgun pleading of this kind. *Weiland*, 792 F.3d at 1323.

## II.   Count V – Injunctive Relief

Defendant also argues that Count V should be dismissed because injunctive relief is a remedy, not a cause of action. Doc. 23 at 5–6. Plaintiff seemingly agrees in her Response, conceding that an injunction is a form of relief, "not a stand-alone

claim." Doc. 32 at 10–12. And courts have held that injunctive relief is a remedy, not a cause of action. *See Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311 (1982) ("It goes without saying that an injunction is an equitable remedy."); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract."). Thus, in accordance with the law of this Circuit and this Court's prior order (Doc. 11 at 3 n.2), Count V is dismissed for failing to state a plausible cause of action.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 23) is **GRANTED-IN-PART and DENIED-IN-PART**.

2. Count V of Plaintiff's Amended Complaint (Doc. 14) is **DISMISSED**. Defendant's Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

5